UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT ANTHONY BENSON, | ) | |
| Petitioner, | ) | 2:12-cv-00948-APG-NJK |
| vs. | ) | **ORDER** |
| BRIAN E. WILLIAMS, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition. (ECF No. 11).

**I. Procedural History**

Following a jury trial in the Second Judicial District for the State of Nevada, petitioner was convicted of Count I, robbery with the use of a deadly weapon and Count II, first-degree kidnapping with the use of a deadly weapon. (Exhibit 44).[1] Petitioner was sentenced to 35 to 156 months imprisonment for robbery, plus a like consecutive term for the use of a deadly weapon, and a term of

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 12-17.

5 to 15 years for the kidnapping, plus a like consecutive term for the use of a deadly weapon. (Exhibit 52). The judgment of conviction was entered on January 26, 2005. (*Id.*). Petitioner appealed his conviction. (Exhibit 53). On October 4, 2005, the Nevada Supreme Court affirmed petitioner's conviction. (Exhibit 60). Remittitur issued on November 1, 2005. (Exhibit 62).

On April 19, 2006, petitioner filed a *pro se* state petition for a writ of habeas corpus. (Exhibit 63). Petitioner was appointed counsel, and counsel filed a supplemental petition on March 31, 2007. (Exhibit 73). On October 16, 2007, the state district court denied the petition. (Exhibit 78). Petitioner filed a motion for reconsideration of certain claims. (Exhibit 79). The state district court granted, in part, the motion for reconsideration on November 21, 2007, and ordered an evidentiary hearing on Grounds 4 and 5 of the supplemental petition. (Exhibit 84). The evidentiary hearing was held on April 14, 2008, and October 10, 2008. (Exhibits 91 & 96). By written order filed November 6, 2008, the state district court denied Grounds 4 and 5 of the supplemental petition. (Exhibit 98).

Petitioner appealed the denial of his state habeas petition. (Exhibit 100). On March 11, 2010, the Nevada Supreme Court affirmed the denial of the state habeas petition. (Exhibit 112). Petitioner filed a petition for rehearing. (Exhibit 113). On May 6, 2010, the petition for rehearing was denied. (Exhibit 114). Remittitur issued on June 1, 2010. (Exhibit 115).

On May 30, 2012, petitioner dispatched – mailed or handed to a correctional officer for mailing – his federal habeas petition to this Court. (ECF No. 7, at p. 1, item 5). The petition contains thirteen grounds. (*Id.*, at pp. 3-34). Respondents filed the instant motion to dismiss the petition on December 20, 2012. (ECF No. 11). Petitioner sought and received two extensions of time in which to file his response to the motion to dismiss. (ECF Nos. 20, 21, 22, 23). The Court's most recent order, filed on March 29, 2013, granted petitioner a thirty-day extension of time in which to file his response. (ECF No. 23). The deadline for petitioner to file a response to the motion to dismiss has expired, and petitioner has not filed a response or any other document with the Court. The failure to oppose the motion constitutes consent to granting the motion pursuant to the Local

2

Rules, Part II, at Rule 7-2(d). Petitioner's failure to oppose the motion to dismiss constitutes adequate grounds to grant the motion, however, the court will analyze the argument made in the motion to dismiss.

## II. Discussion

In the motion to dismiss, respondents assert that the federal habeas petition is untimely. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

For purposes of the AEDPA limitations period, "a judgment becomes 'final' in one of two ways – either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). United States Supreme Court Rule 13.1 provides that a petitioner has ninety days from the entry of judgment or entry of an order denying rehearing, within which to file a petition for certiorari. Sup. Ct. R. 13.1. Rule 36(a) of the Nevada Rules of Appellate Procedure states that "[t]he filing of the court's decision or order constitutes entry of judgment." Where a petitioner pursues a direct appeal to the state's highest court but declines to pursue a petition for writ of certiorari with the United States Supreme Court, the petitioner's conviction becomes final upon the expiration of the time to file a petition for writ of certiorari. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Once the judgment of conviction becomes final, the petitioner has 365 days to file a petition for relief under 28 U.S.C. § 2254, with tolling of the time for filing during the pendency of a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2254(d).

In the instant case, the judgment of conviction was entered on January 26, 2005. (Exhibit 52). The Nevada Supreme Court's order of affirmance on direct review was filed on October 4, 2005. (Exhibit 60). Because petitioner did not file a petition for writ of certiorari to the United States Supreme Court, his conviction became final on January 2, 2006, which is ninety days after the Nevada Supreme Court filed its order of affirmance. The AEDPA statute of limitations began to run on January 2, 2006.

On April 19, 2006, when petitioner filed his state habeas petition, 107 days of untolled time for filing a federal petition had elapsed. (Exhibit 63). The AEDPA limitations period was tolled until petitioner's state habeas petition and appeal from the denial of his petition was resolved by the Nevada Supreme Court. *See* 28 U.S.C. § 2244(d)(2). On March 11, 2010, the Nevada Supreme Court entered an order affirming the denial of petitioner's post-conviction state habeas petition. (Exhibit 112). Remittitur was issued on June 1, 2010. (Exhibit 115). The period of tolling under 28 U.S.C. § 2244(d)(2) ended with the Nevada Supreme Court's issuance of remittitur on June 1, 2010. The AEDPA statute of limitations began to run again and expired 258 days later, on February 14, 2011. The first page of the federal habeas petition indicates that the petition was dispatched (given to prison staff for mailing) to this Court on May 30, 2012. (ECF No. 7, at p. 1, item 5). This Court deems the petitioner's federal petition to be filed on May 30, 2012. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing). The federal petition was filed untimely on May 30, 2012, by more than a year after the expiration of the AEDPA limitations period.

The United States Supreme Court has held that the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In the instant case, however, petitioner has not presented this Court with any argument or evidence that he is entitled to equitable tolling. As such, the petition must be dismissed with prejudice as untimely.

**III. Certificate of Appealability**

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the

5

order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with any appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id. (quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In the instant case, no reasonable jurist would find this court's dismissal of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that the respondents' motion to dismiss (ECF No. 11) is **GRANTED.** The petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 5th day of July, 2013.

_____
UNITED STATES DISTRICT JUDGE

6